ESTHER K. PORTER, RESPONDENT, *v.* WILLIAM H. COBB,
APPELLANT.

## AND FOUR OTHER CASES.

*Trespass—when successive actions for, cannot be maintained.*

On January 2, 1878, the defendant, a collector of taxes, in pursuance of a warrant directing him to collect from one Oliver Porter the sum of $19.30, levied upon a wagon and other property belonging to him, which was then upon a lot owned by Porter's wife, the plaintiff, upon which they then resided, and whereon the said Porter had been accustomed for many years to keep this and other property. On January 19, the defendant, having satisfied the demand of the warrant by the sale of the property other than the wagon, returned it to the plaintiff's lot, although she had on January 9 forbidden him to put it upon her premises. January 19 the plaintiff sued the defendant in a justice's court for trespass in wrongfully entering upon her premises and leaving the wagon there, and recovered a judgment for six cents damages, and $6.60 costs. On January 22, 24, 26, 29, and February 4, 1878, the plaintiff brought other actions against the defendant, alleging that he had wrongfully left the wagon on her lot on January 19, and refused to move it on the above mentioned dates, although requested so to do by the plaintiff, in each of which actions she recovered nominal damages and costs.

*Held*, that the injury to the plaintiff's rights was the direct result of a single act of the defendant, in thus entering and leaving the wagon upon her premises, and that the judgment recovered in the first action was a satisfaction thereof, and a complete bar to the actions subsequently brought.

APPEAL from judgments of the County Court of Cortland county rendered in the above entitled actions, upon appeals taken to it from judgments rendered in a justice's court.

Oliver Porter resides with the plaintiff (who is his wife), in Union School district, number one, in the town of Homer, New York. The defendant is the collector of taxes of said district.

November 9, 1877, a tax warrant was issued to the defendant, by which he was directed to collect the sum of $19.30 from Oliver Porter. December 20, 1877, the warrant was renewed for thirty days.

Oliver Porter, upon demand being made, refused to pay his tax, and January 2, 1878, the defendant levied upon a wagon and other property belonging to him. This property was seized upon,

a village lot owned by the plaintiff, on which she and her husband resided; and whereon Oliver Porter had been accustomed, for some years, to keep this and other property.

The wagon was not sold, other property seized selling for sufficient to satisfy the demand of the warrant.

January 9, 1878, the plaintiff forbade the defendant to return the property taken to her premises; but nevertheless, the defendant, January 19, 1878, returned the wagon to plaintiff's lot, from which he had taken it at the time of the levy.

January 19, 1878, the plaintiff notified the defendant to remove the property from her land, and that, if he neglected to remove it, she would sue him for trespass every day while the property remained.

### FIRST ACTION.

January 19, 1878, the plaintiff commenced an action against the defendant in a justices' court, and alleged:

"That on the 19th day of January, 1878, the defendant wrongfully broke and entered upon said land, trampled upon the same, and left thereon certain property, and a certain wagon and other articles, to the damage of the plaintiff $51.00."

The defendant answered, justifying the taking, and returning, as collector.

The action was tried and resulted in a judgment, April 16, 1878, for the plaintiff, for six cents damages and $6.50 costs, which judgment was not appealed from.

### SECOND ACTION.

January 22, 1878, the plaintiff commenced a second action against the defendant in a justice's court, alleging that January 19, 1878, the defendant unlawfully broke and entered plaintiff's premises, carried and left thereon a wagon; which, January 19, 1878, the plaintiff requested the defendant to remove; all of which the defendant refused to do, and that the wagon remained on plaintiff's premises during January 21, 1878. The defendant answered, justifying the taking, returning and leaving, as collector, and pleaded the judgment of April 16, 1878, in bar.

The action was tried before a jury, which rendered a verdict for the defendant, and judgment was entered thereon.

The plaintiff appealed to the County Court, which reversed the judgment. The defendant appeals to this court.

### THIRD ACTION.

January 24, 1878, the plaintiff commenced a third action against the defendant in a justice's court, alleging the same facts averred in action number two, except that the wagon remained on plaintiff's premises during January 23, 1878.

The defendant answered as in action number two, and also alleged that several other actions were then pending before the same court, involving the same matters which are a defense to this action.

### FOURTH ACTION.

January 26, 1878, the plaintiff commenced a fourth action against the defendant in a justice's court, alleging the same facts averred in action number two, except that the wagon remained on plaintiff's premises during January 25, 1878.

The defendant answered as in action number three.

### FIFTH ACTION.

January 29, 1878, the plaintiff commenced a fifth action against the defendant, in a justice's court, alleging the same facts averred in action number two, except that the wagon remained on plaintiff's premises during January 27, 1878.

The defendant answered as in action number three.

### SIXTH ACTION.

February 4, 1878, the plaintiff commenced a sixth action against the defendant in a justice's court, alleging the same facts averred in action number two, except that the wagon remained on plaintiff's premises during February 4, 1878. The defendant answered as in action number three.

Actions numbers three, four, five and six were tried before the justice, who rendered a judgment in favor of the plaintiff for six cents damages, and three dollars and fifty cents costs in each. The defendant appealed in each action (except number one) to the County Court, which affirmed the judgments. The defendant appeals in each action (except number one) to this court.

*Waters & Knox,* for the appellant. The first action extin-
guished all claims for damages arising from the wrongful act
of January 19, 1878, alleged in the first complaint, whether
those damages were direct or indirect, immediate or conse-
sequential. (*Vedder* v. *Vedder,* 1 Denio, 257; *Gates* v. *Preston,*
41 N. Y., 113; *Blair* v. *Bartlett,* 75 Id., 150; *Cromwell* v. *County
of Sac,* 94 U. S. [4 Otto], 351; 8 Wend., 492; 15 Johns., 229.)
This would be so on another principle, to wit : " Where a party has
two or more remedies for the same wrong, in which the measure of
damages might be different, electing one and pursuing it to judg-
ment is a bar to any other remedy." (Electing trespass is a bar to
case.) Plaintiff had his election in this case. (1 Denio, 257; 57
Me., 414; 53 Id., 346; 14 Am. R., 565; 27 Me., 441; 97 Mass.,
15; 1 Allen, 47; 9 Id., 472; 6 Cush., 103; 3 Gray, 372; 13 Johns.,
121.)

*O. Porter,* for the respondent. New actions may be brought for
new injuries accruing from the wrongful act in all cases where
prospective damages cannot be assessed. In the cause in hand, pro-
spective damages could not be assessed. The court could not assume
the nuisance would be continued. (*Whitmore* v. *Bischoff,* 5 Hun,
176; *Smith* v. *Elliott,* 8 Pa. St., 345; *Fish* v. *Dodge,* 4 Denio, 311–
317; *Loftin* v. *McLeucore,* 1 Stewart [Ala.], 133; *Plate* v. *New
York Central R. R. Co.,* 37 N. Y., 472; *Mersereau* v. *Pearsall,* 19
Id., 108; Greenl. Ev., § 622; 1 Addison on Torts, 332; *Holmes* v.
*Wilson,* 10 Adol. & Ell., 503; 37 E. C. L., 161; *Thompson* v. *Gib-
son,* 7 Mees. & W., 456; 7 E. C. L., 455; *Bowyer* v. *Cook,* 4 C. B.,
236; 2 Waterman on Trespass, 244, § 831; *Beckwith* v. *Griswold,*
29 Barb., 291; *Hess* v. *B. N. F. R. R. Co.,* 29 Id., 391; *House* v.
*Cowing,* 1 Lans., 288; *Shadwell* v. *Hutchinson,* 2 Barnw. & Ald.,
97; 2 Hilliard on Torts, 6, § 5, b; *Filer* v. *New York Central
R. R. Co.,* 49 N. Y., 42; *Case* v. *Shepherd,* 2 Johns. Cas., 27;
*Mahan* v. *New York Central R. R. Co.,* 24 N. Y., 658.)

FOLLETT, J. :

The injury to the plaintiff's rights, if any, was the direct result of
entering and leaving the wagon on her premises,—which was a

single act, and for which the first judgment was an ample satisfaction, and is a complete bar to the subsequent actions. The cases wherein judgments have been recovered for subsequent damages occasioned by trespasses, are those in which the wrongs are continued and maintained by the defendant to the further actual injury of the plaintiff.

In this case, the defendant's act was not productive of actual damages to the plaintiff: only nominal damages are assessed by the judgments. The cases cited by the county judge, and relied upon by the plaintiff, lend no support to these judgments. In *Holmes* v. *Wilson* (10 A. & E., 503), the defendant erected and maintained buttresses on the plaintiff's land for the support of the defendant's turnpike. In *Bowyer* v. *Cook* (4 C. B., 236), the defendant placed, and continued earth, stumps, and stakes in a ditch, adjoining the plaintiff's premises, causing water to flow upon them. In both cases the defendant continued to maintain the cause of the injury to the plaintiff's land, which resulted in actual damages; and the plaintiff was entitled to recover. Such is the law of this State. (*Mersereau* v. *Pearsall*, 19 N. Y., 108; *Plate* v. *New York Central R. R. Co.*, 37 Id., 472.) No case has been cited, and we think none can be found, holding that a plaintiff may recover successive judgments where only nominal damages have been caused by a signal act of the defendant, which is in no wise continued.

These actions are without merit, and were not brought to redress real grievances. Since the wagon was left upon the plaintiff's lot, nothing has been done by the defendant to keep it there. The defendant neither claims nor exercises any control over it or its location. His warrant having been satisfied, he has, as against the owner, no right to remove it. The license to Oliver Porter to occupy personally and with his property the premises of the plaintiff has not been revoked nor claimed to be. It is apparent that the plaintiff and her husband sought to put this public officer between two fires by rendering him liable to suit by the wife if he failed to remove the wagon, or if he did, to a suit by the husband for removing it. The judgment of the County Court, reversing the judgment of the justice's court in the action commenced January 22,

1878, is reversed, and the judgment of the justice's court is affirmed, with costs.

The judgment of the County Court and of the justice's court in the action commenced January 24, 1878, are reversed, with costs.

The judgment of the County Court and of the justice's court in the action commenced January 26, 1878, are reversed, with costs.

The judgment of the County Court and of the justice's court in the action commenced January 29, 1878, are reversed, with costs.

The judgment of the County Court and of the justice's court in the action commenced February 4, 1878, are reversed, with costs.

Present—LEARNED, P. J., BOCKES and FOLLETT, JJ.

Ordered accordingly.